UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO. 19-CR-268 (TSC) |
| ROBERTO CARLOS OSTEN MESTRA, : | |
| : | UNDER SEAL |
| *Defendant.* : | |

## DEFENDANT'S MOTION FOR DISCLOSURE OF BRADY EVIDENCE

Defendant Roberto Osten ("Osten"), by and through undersigned counsel, respectfully moves this Court for an Order directing the Government to immediately disclose all material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). In support of this Motion, Mr. Osten states as follows:

## FACTS

The government has charged Mr. Osten via indictment with one count of Conspiracy to Distribute 5 or more Kilograms of Cocaine for Importation into the United States, in violation of 21 U.S.C. §§ 959, 960 and 963. The government's theory is that Mr. Osten was a zone commander for the Clan del Golfo in Colombia and in July 2018 authorized a 500-kilogram shipment of cocaine for eventual importation into the United States. The government has also alleges that Mr. Osten provided the cocaine for the shipment.

Mr. Osten was arraigned on February 24, 2023, and the Court issued its Fed. R. Crim. P. 5(f) admonition to the government regarding its disclosure obligations pursuant to *Brady*. Since then, the parties have engaged in extensive plea negotiations in which the government has insisted that Mr. Osten accept responsibility for authorizing the 500-kilogram

load as well as providing the cocaine for the transaction. Mr. Osten has denied that he did so.

On November 12, 2024, the government disclosed to the defense that:

> The Government has information that Aimer Alberto Alvaran Posada has stated that your client was not involved with the 363-kilogram load of cocaine that was purchased by an undercover Colombian National Police officer. Alvaran Posada has further stated that he and your client never discussed the transaction.
>
> The Government has information that Fabian Edilson Torres Caranton has stated that your client was not present at a meeting that the Government is alleging took place in July of 2018, during which a deal for the 500 kilogram-load of cocaine was negotiated and was not involved in the shipping of the cocaine. Torres Caranton has further stated that he thought your client was incarcerated in July of 2018.

Gov. Letter (Nov. 12, 2024). On November 14, 2024, the defense responded to the government's disclosure and requested that the government produce the following:

a. The date these statements were made by Alvaran Posada and Torres Caranton to the government.
b. The circumstances in which these statements were made to the government, *e.g.*, proffer session, interrogation.
c. The names and contact information of all persons who witnessed Alvaran Posada and Torres Caranton make these statements.
d. If Alvaran Posada and Torres Caranton are cooperating with the government, does the government consider them reliable.
e. The circumstances under which Alvaran Posada and Torres Caranton came to be aware of the information disclosed.
f. Any and all memorializations of these statements, *e.g.*, FBI-302, DEA-6, audio or video recordings.
g. The specific statements made by Alvaran Posada and Torres Caranton.
h. The specific location of Alvaran Posada and Torres Caranton, *e.g.*, address, jail, prison either domestically or abroad.
i. The names and contact information for counsel for Alvaran Posada and Torres Caranton, if any.

Def. Letter (Nov. 14, 2024). To date, the government has failed to respond to the defense request.

Mr. Osten respectfully requests that this motion be granted and that the Court compel the government to immediately produce all material pursuant to *Brady*, including the

2

requested information.

## ARGUMENT

The ultimate aim of our criminal justice system is not only to secure convictions, but also to ensure that the rights of the accused are protected. *See Harvey v. Horan*, 285 F.3d 298 (4th Cir. 2002) (Luttig, J., *concurring); Brady v. Maryland*, 373 U.S. 83, 87 (1963). So fundamental is that twofold aim that our forefathers drafted substantive and procedural due process requirements into the language of the Fifth and Fourteenth Amendments to the Constitution, thereby mandating that prosecutions "comport with prevailing notions of fundamental fairness." *California v. Tombetta*, 467 U.S. 479, 485 (1984). "Fundamental fairness" is not merely an academic ideal, but is, in fact, "essential to the very concept of justice.'" *United States v.Valenzuela-Bernal*, 458 U.S. 858, 872 (1982) (quoting *Lisenba v. California*, 314 U.S. 219, 236(1941).

Although ours is an adversarial system, the government's "chief business" in a criminal prosecution "is not to achieve victory, but to establish justice." *See Brady*, 373 U.S. at n.2 (quoting, remarks of Solicitor General Sobeloff). While "there was a time when concealment and gamesmanship were accepted as part and parcel of the adversarial process of the criminal justice system" under common law, courts have "decidedly rejected this system long ago." *Harvey, supra* at 317-318. In fact, the Supreme Court has long held that the government's "overriding interest" in a prosecution is that "justice be done," and, with that basic tenet in mind, the Court has recognized that a prosecutor serves the law above all else. *See United States v. Agurs*, 427 U.S. 97, 110-11 (1976) (internal citations omitted).

Obviously, the government has an obligation to prosecute its cases zealously, however its "primary obligation is to try each case fairly and with due regard for the accused's

rights." *United States v. Carter*, 566 F.2d 1265, 1271 (5th Cir. 1978); *cert. denied*, 436 U.S. 956. When the government's conduct violates notions of fundamental fairness and is "shocking to the universal sense of justice," substantive due process is denied. *Kinsella v. United States ex rel. Singleton*, 361 U.S. 234, 246 (1960).

The Supreme Court has "long interpreted this standard of fairness to require that defendants be afforded a meaningful opportunity to present a complete defense." *Trombetta* at 485. "To safeguard that right….what might loosely be called the area of constitutionally guaranteed access to evidence" was developed. *Id.* (quoting *Valenzuela-Bernal, supra* at 867); *See also, Harvey, supra*; *United States v. Moussaoui*, 382 F.3d 453, 474 (4th Cir. 2004)*.* "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hands of the accused," thereby "ensuring the integrity of our criminal justice system." *Trombetta,* supra.

Procedural due process demands that prosecutors produce to a criminal defendant all *potentially* exculpatory evidence, even in the absence of a specific request, in order to ensure that the defendant receives a fair trial. *See Harvey, supra (citing Albright v. Oliver*, 510 U.S. 266, 273 & n.6 (1994)) (Emphasis added.); *Augers, supra* at 112. When a prosecutor fails to provide favorable evidence that is "material to guilt or punishment, irrespective of good faith or bad faith," it is commonly called a "*Brady* violation." *Brady,* 373 U.S. at 87; *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). Evidence is considered "favorable" if it would exculpate the defendant or could be used to impeach a government witness. *United States v. Ellis*, 121 F.3d 908, 914 (4th Cir. 1997); *United States v. Bagley*, 473 U.S. 667, 682 (1985). A defendant's constitutional right to due process is not violated where the favorable and material evidence is disclosed in time for its effective use at trial. *United States v.* Andrews, 532 F.3d 900, 907-908 (D.C. Cir. 2008); *United States v. Smith Grading and Paving, Inc.*, 760 F.2d 527, 532 (4th Cir.

4

1985) (citing *United States v. Higgs*, 713 F.2d 39 (3rd Cir. 1983). In addition to its constitutionally mandated *Brady* obligations, the prosecution has additional obligations to ensure that a defendant is afforded due process.

In this case, the government has charged Mr. Osten with one count of Conspiracy to Distribute Five or more Kilograms of Cocaine for Importation into the United States and it alleges that he authorized and agreed to provide 500 kilograms of cocaine for that shipment. For months, the defense has engaged in good-faith plea negotiations with the government while the government was in possession of evidence that directly contradicted its negotiating position. Upon information and belief, the government has been in possession of this information for some time and the continued withholding of the additional information requested violates Mr. Osten's due process rights. Counsel cannot investigate this case and properly advise Mr. Osten without the requested information.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, and any other that may become apparent to the Court, defendant requests that this motion be **GRANTED**.

Dated: Washington, DC
December 9, 2024

Respectfully submitted,

**BALAREZO LAW**

By: /s/ A. Eduardo Balarezo
_____
A. Eduardo Balarezo
DC Bar # 462659
400 Seventh Street, NW; Suite 306
Washington, DC  20004
Tel. (202) 639-0999 / Fax. (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Roberto Carlos Osten Mestra*

5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of December 2024, I caused a true and correct copy of the foregoing Defendant's Motion for Disclosure of Brady Evidence to be delivered via electronic mail to the Parties in this case.

/s/ A. Eduardo Balarezo

A. Eduardo Balarezo